UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES CLAUDE WILLIAMS,

        Plaintiff,

  v.

STATE OF WASHINGTON et al.

        Defendants.

CASE NO. C13-5061 RJB-JRC

ORDER TO FILE AN AMENDED COMPLAINT

       The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The Court's authority for the referral is found in 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

       The Court has granted plaintiff in forma pauperis status. The Court has also screened the complaint and finds several defects that preclude service of the action at this time. The Court believes that plaintiff can cure the defects by filing an amended complaint.

       The first defect is the entities that plaintiff has named as defendants. Plaintiff names the State of Washington and the Department of Corrections as defendants (ECF No.1). Plaintiff asks the Court for monetary relief (ECF No. 1). The Eleventh Amendment to the United States

ORDER TO FILE AN AMENDED COMPLAINT - 1

Constitution bars a person from suing a state in federal court without the state's consent. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72 (1996) *overruled in part by Cent. Va. Cmty. College v. Katz*, 546 U.S. 356, 363 (2006); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996). Eleventh Amendment immunity extends to state agencies. *Pennhurst State Sch. & Hosp. v. Holdeman*, 465 U.S. 89, 101-102(1984). Eleventh Amendment immunity is not automatically waived in actions brought under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332 (1979). Washington has not waived the protection of the Eleventh Amendment. *Edgar v. State*, 92 Wn.2d 217 (1979). Plaintiff cannot sue the State of Washington or the Department of Corrections for monetary damages in federal court.

The second defect in plaintiff's complaint is the nature of the claim. The Court cannot determine if plaintiff is attempting to bring this action as a result of an injury he received in a bus accident; or if he is attempting to challenge the medical care he has received for his alleged injuries. If plaintiff is intending to sue the bus driver that he alleges was negligent, then he needs to name that person as a defendant. If plaintiff is intending to sue his medical providers for the care he received, then he needs to name those persons as defendants.

To state a claim under 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be a person acting under the color of state law; and (2) the person's conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986)P; and (3) causation *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875, (1980). When a plaintiff fails to allege

1 | or establish one of the three elements, his complaint must be dismissed. That plaintiff may have
2 | suffered harm, even if due to another's negligent conduct does not in itself necessarily
3 | demonstrate an abridgment of constitutional protections.  *Davidson v. Cannon*, 474 U.S. 344,
4 | (1986).
5 |     Plaintiff is ordered to file an amended complaint curing the defects noted above on or
6 | before March 22, 2013. Failure to cure the defects or failure to file an amended complaint will
7 | result in the Court issuing a Report and Recommendation that this action be dismissed for failure
8 | to state a claim with the dismissal counting as a strike pursuant to 28 U.S.C. 1915(e)(2).
9 |     Dated this 11th day of February, 2013.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

ORDER TO FILE AN AMENDED COMPLAINT - 3